**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Yunierki Remis**,<br><br>             Plaintiff,<br><br>vs.<br><br>**All Staffing LLC**, an Arizona limited liability company; **West Force Division LLC**, an Arizona liability company; **ABM Industry Groups, LLC**, a Delaware limited liability company; **Xochitl Montes and Jane Doe Montes**, a married couple; and **Rick McKelvey and Jane Doe McKelvey**, a married couple,<br><br>             Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Yunierki Remis ("Plaintiff"), sues the Defendants, All Staffing LLC; ABM Industry Groups, LLC; Xochitl Montes and Jane Doe Montes; and Rick McKelvey and Jane Doe McKelvey ("Defendants") (Defendants All Staffing LLC, West Force Division LLC, and Xochitl Montes and Jane Doe Montes are referred to collectively as the "All Staffing Defendants") (ABM Industry Groups, LLC, and Rick McKelvey and Jane Doe McKelvey are referred to collectively as the "ABM Defendants"), and alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-

exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

5. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

6. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

7. This is an action for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages, liquidated damages, interest, attorneys' fees, and costs under the AMWA.

8. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

9. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

12. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

13. At all material times, Defendant All Staffing LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant All Staffing LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

14. At all relevant times, Defendant All Staffing LLC owned and operated as a temporary employment agency doing business in the Phoenix Metropolitan Area.

15. Under the FLSA, Defendant All Staffing LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, All Staffing LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant All Staffing LLC is subject to liability under the FLSA.

-4-

16. At all material times, Defendant West Force Division LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant West Force Division LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

17. At all relevant times, Defendant West Force Division LLC owned and operated as a temporary employment agency doing business in the Phoenix Metropolitan Area.

18. Under the FLSA, Defendant West Force Division LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, West Force Division LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant West Force Division LLC is subject to liability under the FLSA.

19. At all material times, Defendant ABM Industry Groups, LLC was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant ABM Industry Groups, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

-5-

20. At all relevant times, Defendant ABM Industry Groups, LLC owned and operated as a janitorial company doing business in Maricopa County, Arizona.

21. Under the FLSA, Defendant ABM Industry Groups, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, ABM Industry Groups, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant ABM Industry Groups, LLC is subject to liability under the FLSA.

22. Defendants Xochitl Montes and Jane Doe Montes are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Xochitl Montes and Jane Doe Montes are owners of All Staffing LLC and West Force Division LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

23. Under the FLSA, Defendants Xochitl Montes and Jane Doe Montes are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Xochitl Montes and Jane Doe Montes had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of All Staffing LLC and West Force Division LLC in relation to their employees, Defendants Xochitl Montes and Jane Doe Montes are subject to individual liability under the FLSA.

24. Defendants Rick McKelvey and Jane Doe McKelvey are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Rick McKelvey and Jane Doe McKelvey are owners of ABM Industry Groups, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

25. Under the FLSA, Defendants Rick McKelvey and Jane Doe McKelvey are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Rick McKelvey and Jane Doe McKelvey had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of ABM Industry Groups, LLC in relation to its employees, Defendants Rick McKelvey and Jane Doe McKelvey are subject to individual liability under the FLSA.

26. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27.     Defendants, and each of them, are sued in both their individual and corporate capacities.

28.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a janitorial company in Maricopa County, Arizona.

30.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned enterprise.

31.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

32.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

34.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

35. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

36. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

37. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

38. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

39. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

40. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

41. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

42. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

43. The All Staffing Defendants own and/or operate a temporary employment agency that is an enterprise doing business in Maricopa County, Arizona.

44. The ABM Defendants own and/or operate as ABM Industry Groups, a janitorial company that is an enterprise doing business in Maricopa County, Arizona.

-9-

45. In or around April 2023, Plaintiff began working for the All Staffing Defendants.

46. In or around April 2023, the All Staffing Defendants placed Plaintiff with the ABM Defendants to perform janitorial work as a custodian on as part of a contract the ABM Defendants had with a third party commercial company.

47. Pursuant to the relationship between Plaintiff, the All Staffing Defendants, and the ABM Defendants, on information and belief, the ABM Defendants paid the All Staffing Defendants to hire, maintain, and pay Plaintiff and other, similarly situated workers to perform janitorial-related manual labor and cleaning to fulfill cleaning contracts between the ABM Defendants and third party commercial company clients of the ABM Defendants.

48. Throughout Plaintiff's work for Defendants, Defendants paid him an hourly rate of $20.

49. Plaintiff's final two workweeks took place during May and June 2023.

50. In his penultimate workweek, Plaintiff worked approximately 32 hours total.

51. Defendants failed to compensate Plaintiff any wages whatsoever for his penultimate workweek with Defendants.

52. In his final workweek, Plaintiff worked approximately 48.5 hours total.

53. Defendants only compensated Plaintiff 23 hours total in his final workweek with Defendants.

54. As a result of the manner in which Defendants failed to properly compensate Plaintiff for his final two workweeks, Defendants failed to pay him for a total of 57.5 hours, including 8.5 hours of overtime.

55. Plaintiff reported all hours he worked to the All Staffing Defendants.

56. After inquiring with his supervisor at ABM Industry Groups LLC, Jennifer (last name unknown), Jennifer provided Plaintiff and, on information and belief, the ABM Defendants with confirmation that Plaintiff had indeed worked the hours he claimed.

57. On information and belief, Jennifer thereafter provided such confirmation to the All Staffing Defendants.

58. Thereafter, on information and belief, the All Staffing Defendants took no action because, on information and belief, ABM did not approve such hours worked, despite his having worked them.

59. To date, Plaintiff still has not been paid for such work performed for Defendants.

60. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

61. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in his final workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

62. As a result of Defendants' failure to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in his final workweek, Defendants violated 29 U.S.C. § 207(a).

63. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

64. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

65. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

66. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

67. At all relevant times, Plaintiff was a non-exempt employee.

68. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

69. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

70. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

71. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional

amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

72.   Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

73.   Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

74.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.   Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

76.   In his final workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

77.   As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in final workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked, in violation of 29 U.S.C. § 207.

-13-

78. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for such hours worked, Defendants violated the FLSA.

79. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours during Plaintiff's final workweek.

80. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants in excess of 40 hours in his final workweek.

81. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Yunierki Remis, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. As a result of not paying Plaintiff any wage whatsoever but for his penultimate workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

84. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

85. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Yunierki Remis, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

86.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.   As a result of not paying Plaintiff any wage whatsoever but for the penultimate workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

88.   Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

89.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Yunierki Remis, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

<u>**COUNT FOUR: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
ALL STAFFING LLC, WEST FORCE DIVISONS LLC & ABM INDUSTRY
GROUPS, LLC, ONLY**</u>

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. As a result of the allegations contained herein, Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC did not compensate Plaintiff wages due and owing to her.

92. Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

93. Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to her.

94. Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

95. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final five semi-monthly pay periods of his employment with Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC.

96. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Yunierki Remis, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC:

A. For the Court to declare and find that the Defendants All Staffing LLC, West Force Division LLC, and ABM Industry Groups, LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.  For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.  For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.  For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.  Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd day of July 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Yunierki Remis, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

                                                 _____
                                                 Yunierki Remis (Jul 22, 2023 09:59 PDT)
                                                 Yunierki Remis

-20-